IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Gail Nadine Bradley,**<br>**Plaintiff,** | )<br>)<br>) |
| v. | ) 1:09cv338 (TSE/IDD) |
| **Mrs. M. Jones, et al.,**<br>**Defendants.** | )<br>)<br>) |

## MEMORANDUM OPINION

Gail Nadine Bradley, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that she was denied due process in institutional disciplinary proceedings. Plaintiff has moved to proceed in forma pauperis in this action. After reviewing plaintiff's amended complaint and other submissions, her claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1)[1] for failure to state a claim.

I.

In her initial complaint in this action, plaintiff asserted a litany of generalized allegations

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
 (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
 (2) seeks monetary relief from a defendant who is immune from such relief.

1

concerning treatment she received during her incarceration at Fluvanna Correctional Center ("FCC").[2] Plaintiff stated that she and 50 other inmates were locked down 22 hours a day due to lack of bed space, and she expressed displeasure at not being able to call home whenever she wanted, rather than only during designated hours. Plaintiff accused defendant M. Jones of being "the single most biased individual" plaintiff had ever known, and stated that because Jones "clearly ... ha[d] watched 'Law and Order' one time too many," disciplinary hearings were conducted in a manner that amounted to a "travestie." [sic] As an example, plaintiff stated that she was adjudicated guilty of an unspecified offense on November 11, 2008, but was not provided with appeal forms. Plaintiff also recounted an incident where she was told by an officer that she could be isolated for a visit with her husband, but after reading through "the 861.1 ... from cover to cover," plaintiff pointed out to prison officials that they were not permitted to isolate her, so the visit did not take place. Attached as exhibits to the initial complaint were disciplinary offense reports indicating that plaintiff twice was charged with refusing to provide a DNA sample, which apparently resulted in her loss of ninety (90) days good time credit and her placement in insolation for ten (10) days. Without explanation, plaintiff named as defendants Mrs. M. Jones, Hearing Officer; Warden B. J. Wheeler; and Counselors Mr. McGhee and Mr. Kromberg. Plaintiff's initial complaint included no prayer for relief, save the exhortation, "SET US FREE."

By Order entered April 13, 2009, it was explained to plaintiff that she had failed to allege facts

---

[2]In her Motion for Order to Show Cause (Docket # 14), plaintiff mentioned that she anticipated being released to Henrico County Sheriff's Department on July 6, 2009. However, subsequent pleadings filed by plaintiff as late as September 1, 2009 continued to bear the return address of FCC, and to date plaintiff has filed no notice of a change of address with the court.

in the initial complaint sufficient to indicate that she had been deprived of rights guaranteed by the Constitution or laws of the United States resulting from conduct committed by specific persons acting under color of state law. (Docket # 3). In light of her pro se status, plaintiff was allowed an opportunity to particularize and amend her allegations to state a claim for which § 1983 relief is available, and she was expressly cautioned that the amended complaint would serve as the sole operative complaint in this action.

On April 17, 2009, plaintiff submitted an amended complaint in which she focuses entirely on allegations that she was deprived of due process in institutional disciplinary proceedings. (Docket # 5). While the amended complaint is far from a model of clarity, plaintiff appears to allege that Mrs. Jones (i) prevented plaintiff from seeing an inmate advisor who could have assisted plaintiff in preparing a defense to the disciplinary charges,[3] (ii) disregarded information plaintiff wished to bring forth in her case, (iii) sent documents to the Virginia Department of Corrections ("VDOC") that changed plaintiff's release date illegally, and (iv) had plaintiff held in disciplinary confinement for sixty (60) days on "trumped up charges."Am. Compl. at handwritten p. 1.[4] Plaintiff asserts that Mrs. Jones caused plaintiff to be served with a charge while plaintiff was held in restraints in a strip cell, in derogation of Department Operating Procedure ("DOP") 861.1. Am. Compl. at 4. Plaintiff states that she was allowed to speak to an inmate advisor named Dolly for only ten minutes prior to

---

[3]In addition to facing charges of refusing to give a DNA sample as referenced in the initial complaint, plaintiff alludes in other pleadings to charges of destroying state property, Am. Compl. at handwritten p. 2, and perjury and fraud. Docket #13 at 2.

[4]In the amended complaint, plaintiff has inserted two unnumbered handwritten pages between pages 1 and 2 of the form § 1983 complaint that was provided to her with the Court's initial order.

commencement of the disciplinary hearing, and as a result plaintiff did not call the proper witness or request the proper medical records, which "nullified" her defense. Plaintiff alleges that Mrs. Jones is not impartial and unbiased, but instead has the reputation of believing that "[i]f you are innocent, you are guilty."

Plaintiff further alleges in the amended complaint that Mr. Kromberg and Mr. McGhee "total[ly] disregard their system" and place 95% of inmates who are awaiting a disciplinary hearing in segregation. Am. Compl. at handwritten p.2. Ms. Washington, who is identified as an assistant warden at Brunswick Reception Center, is alleged to "usurp[] the rules," which plaintiff elucidates only by stating that "[i]nstead of knowing what the consequences are that involve your stay they just lock you up." Am. Compl. at handwritten p. 2. Plaintiff contends that Mrs. Jones, Mr. McGhee and Mr. Kromberg wrote a "frivolous" charge against her and then placed her in prehearing detention although she "did not fit [the] category," an action plaintiff alleges constituted "harassment plain and simple." Am. Compl. at handwritten p. 2.

In the amended complaint, plaintiff names as defendants Mrs. Jones, Mr. Kromberg, Mr. McGhee, and Warden B. J. Wheeler, all of FCC, and Ms. Washington, who is employed at Brunswick Reception Center. As relief, plaintiff seeks monetary damages in the amount of $4,000.00, and injunctive relief in the form of an order relieving Ms. Jones of her position. Am. Compl. at 5. Plaintiff subsequently filed a pleading captioned as "Amendment to Color of State" in which she seeks to add as a defendant Mrs. Van Caldwell, who is described as a counselor at FCC. (Docket # 12). Plaintiff alleges that Van Caldwell failed to reclassify plaintiff properly and did not respond to plaintiff's informal complaints, both of which actions are alleged as violating DOP 861.1.

4

On June 29, 2009, plaintiff filed a second pleading captioned as an Amended Complaint. (Docket # 13). Plaintiff there adds as a defendant G. K. Washington, Regional Director of VDOC, who is alleged to have violated DOP 861.1 by rejecting plaintiff's appeal of her disciplinary sentence without proper notice. Plaintiff appears to argue that an extension of time apparently granted to institutional officials in her appeal process was fraudulent and in derogation of DOP 861.1. Plaintiff further contends that her disciplinary conviction caused her to be turned down for a work release program.

On September 9, 2009, plaintiff filed yet another pleading captioned as a Motion to Modify. (Docket # 16). There, she reiterates the request that Ms. Van Caldwell be added as a defendant to this action, and alleges that Van Caldwell was responsible for failing to request that plaintiff's good time credit be restored. Plaintiff asserts that she has grieved and "gone through every conceivable process through the institution since January 2009," but has experienced a "run around the mulberry bush" that caused her to become "frustrated to the point of mania," and she opines that the "only reason [her] good time has been held back is this lawsuit." Plaintiff also repeats her earlier request to add Assistant Warden Washington as a defendant, alleging that Washington denied plaintiff her right to appeal. Plaintiff asserts that although she followed grievance policy "to the letter," prison staff "tried to run [her] around," and it is "indicative of the grievance process" at FCC that "people this high up on the food chain start lying to you." Plaintiff also includes a host of generalized accusations regarding unnamed staff at FCC who allegedly "take the ostrich approach," have "no integrity," " fabricate," and have "no control at all," and she concludes that "the malicious way this institution is operated is an autracity [sic]."

Attached to plaintiff's Motion to Modify are copies of several grievance forms. On July 14, 2009, plaintiff addressed an inmate grievance to Mr. Burris, stating: "As you have ignored the many many IMS's I've sent to you regarding Ms. Van Caldwell please help by at least telling her that the hearing on the 18th of July will greatly benefit my success should I ever emerge from your hospitality of incarceration. Please assist me in getting her to do something, anything. Please." On July 21, a staff member responded, "According to Ms. Van Caldwell she has spoken to you many times." Mo. to Modify, Att. 2. On July 24, 2009, plaintiff submitted a regular grievance to Burris, noting that she had "begged" for help with her hearing and declaring, "My counselor has threatened not to do anything for me!! She needs to be changed. Change my counselor!!" Mo. to Modify, Att. 4. On July 28, 2009, plaintiff addressed an inmate request to defendant Wheeler, stating that after a conversation in Wheeler's office plaintiff was "absolutely sure that the madness at the facility was over" because Wheeler had promised to "bring this confusion to closure" by July 24. However, it was then July 28 and plaintiff had not been advised as to "the good time situation." On August 3, 2009, a response was addressed to plaintiff, stating that after review, it was determined that plaintiff "ha[d] not followed the instructions for appealing restoration of good time in a timely manner," and that staff had responded to her questions. Mo. to Modify, Att. 1. On July 31, plaintiff addressed an informal complaint to Burris in which she asserted that Ms. Van Caldwell had "misrepresented" to Burris and had caused plaintiff to lose $5,641.52 "due to not making that phone call." Mo. to Modify, Att. 3.

Lastly, also pending are pleadings filed by plaintiff captioned as a Motion for Default Judgment as to Defendants (Docket # 10), which is self-explanatory, and a Motion for Order to Show Cause (Docket # 14) in which plaintiff again alleges that she has not received the proper amount of

good time credit and that she was deprived of due process in connection with "erroneous" disciplinary charges brought against her, and in which she prays for "relief from the torture, and harassment, mental and emotional abuse."

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation. Iqbal, 129 S. Ct. at 1949-1950. Courts also may consider exhibits attached to the complaint. United States ex rel.

Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III.

As a threshold matter, as discussed above, plaintiff initially was instructed to file an amended complaint in this action, and she complied with those directions. (Docket # 5). Thereafter, however, plaintiff filed what must be liberally construed as three additional amendments to the complaint, captioned as Amendment to Color of State (Docket # 12), Amended Complaint (Docket # 13), and Motion to Modify. (Docket # 16). Despite plaintiff's failure to seek leave of court to submit these additional amendments, the Court will deem them filed and consider them accordingly, in deference to plaintiff's pro se status and the admonition of Fed. R. Civ. P. 15 (a) that leave to amend a complaint must be freely given when justice so requires.

Nonetheless, it is apparent at this juncture that plaintiff cannot state a claim for § 1983 relief based upon the alleged irregularities in her disciplinary proceedings which are summarized as succinctly as possible above.[5] It is well established that the failure of prison officials to follow their own established procedures, without more, does not rise to the level of a constitutional violation. See

---

[5] As plaintiff was cautioned that her amended complaint would become the sole operative complaint in the case, the various conclusory assertions of additional harm set out in the initial complaint but not reiterated in subsequent amendments to the complaint are deemed abandoned.

Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990). Here, plaintiff in her amended complaints has done no more than allege violations of VDOC policies, so she has not stated a due process claim for the purposes of § 1983.

Furthermore, although plaintiff states that she was disciplined in part with a loss of good time credits, the facts she alleges fail to support a claim of a violation of her due process rights. When inmates face the loss of good time credits, they "are entitled to advance written notice of the claimed violation, as well as a written statement concerning the evidence relied upon and the reasons for the disciplinary action taken." Brown v. Braxton, 373 F.3d 501, 504 (4th Cir. 2004). However, "inmates are not entitled to confront the witnesses against them, nor are they guaranteed the right to retained or appointed counsel." Id. at 504-05. With regard to presenting evidence in the inmate's defense, the inmate has "the qualified right 'to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 505 (quoting Wolff v. McDonnell, 418 U.S. 539, 566 (1974)). Thus, prison officials have the discretion to keep the hearing within "reasonable limits," to refuse witness requests, and to limit access to collect statements or to compile other documentary evidence. Wolff, 418 U.S. at 566. Prison officials may refuse witness requests when such requests are irrelevant, not necessary, or present a hazard in an individual case. Id.

Here, plaintiff does not allege that she failed to receive notice of the charges or a written statement of the evidence. She inferentially admits that she made requests for witnesses, but such requests apparently were denied upon review by prison officials. Plaintiff states that she was able to meet with inmate advisor Dolly immediately prior to the disciplinary hearing, and she does not

contend that the charges were not supported by the evidence presented. Thus, the allegations in the amended complaints, taken as true, do not state a violation of plaintiff's constitutional rights, since, as noted, any violation of VDOC policies does not state a due process claim. To the extent that plaintiff alleges in conclusory terms that she was deprived of federal due process in the disciplinary process, she has presented no facts to support such statements. As a result, this complaint must be dismissed for failure to state a claim pursuant to § 1915A.[6]

That result is not altered by plaintiff's contention that she has been unable to participate in work release as the result of her disciplinary infraction. A prison regulation creates a liberty interest and implicates federal due process protections only where the regulation imposes upon the inmate conditions which dramatically depart from the expected conditions of his indeterminate sentence. Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff's ineligibility to participate in work release clearly does not depart from the expected conditions of plaintiff's sentence. See Altizer v. Paderick, 569 F.2d 812 (4th Cir. 1978) (holding that plaintiff who was removed from an institutional position as an inmate counselor was not entitled to due process). The courts do not distinguish between working as an employee under the work release program and working as an employee of the institution because the placement into such positions is at the discretion of the institution. In Altizer, the Fourth Circuit emphasized the fact that work assignments of prisoners in state institutions are within the discretion of prison administrators. Id. at 813; see also Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir.

---

[6]That conclusion is not called into question by the grievance forms plaintiff has submitted as attachments to her Motion to Modify. Instead, those exhibits, which prevail over bare allegations of the complaint, Gulf Ins. Co., 313 F. Supp. 2d at 596, reflect that plaintiff was counseled "many times" by Ms. Van Caldwell in connection with her disciplinary proceedings, and that plaintiff failed to follow instructions for appealing restoration of her good time credits in a timely manner.

10

1991) ("Under Virginia law, work release, furlough and parole are all characteristically discretionary programs in which . . . [plaintiff] could acquire no entitlement."). Since plaintiff has no protected liberty interest in participating in work release, she has no entitlement to due process protections in connection with institutional decisions regarding her placement *vel non* in such a program.

Lastly, because no defendant has been served in this action, plaintiff's motion for the entry of default judgment (Docket # 10) is premature, without merit, and must be denied. Fed. R. Civ. P. 55 (a). In addition, for the reasons discussed above, plaintiff's Motion for Order to Show Cause (Docket # 14), in which plaintiff essentially seeks the entry of judgment is her favor, will be denied.

### IV.

For the foregoing reasons, plaintiff's complaint must be dismissed for failure to state a claim pursuant to § 1915A. Plaintiff's motions for default judgment and for an order to show cause will be denied. Plaintiff's Motion to Modify, construed as a motion for leave to amend the complaint, will be granted. An appropriate Order shall issue.

Entered this 16th day of March 2010.

Alexandria, Virginia

/s/ T. S. Ellis, III
United States District Judge